FREDERICK R. KENT, Appellant, v. THE CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, November 1, 1897.

1. **Municipal Corporations:** GRADING STREET: DAMAGES: BENEFITS. A lotowner is entitled to recover whatever diminution of value is brought about in his lots by grading a street from which should be deducted whatever special benefit may have accrued to the lots from the same cause, a special benefit being one peculiar to the lot in controversy.

2. ——: ——: ——: ——: EVIDENCE. The jury may, without definite evidence, infer special benefits from the facts and surrounding circumstances.

3. **Appellate Practice:** EVIDENCE: PHOTOGRAPH: NONPREJUDICIAL ERROR: FAIR TRIAL. Although in this case a photograph of the locality in question was improperly rejected, as well as other evidence, such action is held harmless since there was a fair trial.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Samuel S. Shull* for appellant.

(1) One good and sufficient reason for reversing this case is the refusal of the trial court to admit the photograph in evidence. (2) It was error to permit witness Trunk to give his opinion as to the cost of grading. (3) It was error to give plaintiff's second and third instructions. There was no evidence that

the grading of Francis street was of any benefit to Kent's lots peculiar to them.   The mere enhancing of the value of his lots by having the street graded, is common benefits to all and not special benefits to Kent's lots.   Kent can not be charged with such benefits. *Smith v. St. Joseph*, 122 Mo. 646; *Hickman v. Kansas City*, 120 Mo. 180, and the cases cited under point 7.

*Casteel & Haynes* for respondent.

(1)   The first point raised by appellant is that the court erred in not permitting the photograph to be shown the jury on the trial.   Photographs are admissible as secondary evidence, but a proper foundation must first be laid.   In this case it is admitted that the photograph shows more property than appellant's, and there is nothing on the photograph to show the dividing line between appellant's and the property lying east.   When the court has passed on this preliminary question of verification it is not open to examination on appeal.   *Blair v. Pecham*, 118 Mass. 420; *R. R. v. Green*, 56 Md. 84; 6 Am. & Eng. R. R. Cases, 168; 18 Am. and Eng. Ency. of Law, 424.   (2)   The complaint made of the testimony of witness Trunk is without merit.   (3)   The appellant next complains of the giving of two instructions by the court at the instance of respondent.   Not that they do not embody the law, but that there is no evidence to base them on.   To answer this objection it is only necessary to consider what the profile of Francis street shows, as to the condition before and after the grading, appellant's lots were located at the highest point between Twenty-second and Twenty-fourth streets.

GILL, J.—Plaintiff sued the defendant for damages alleged to have resulted to his two lots because of the

grading of Francis street on which said real estate fronted. The street was cut several feet in front of plaintiff's property. Evidence was adduced *pro* and *con* as to whether or not this reduction of the street's surface had reduced the market value of plaintiff's lots. The jury found for defendant, and from a judgment in accordance therewith plaintiff appealed.

We have examined the record, and considered the several matters complained of by plaintiff's counsel, and fail to discover such errors as justify a reversal.

As requested by plaintiff, the court instructed the jury that he was entitled to recover whatever diminution of value was at the time brought about by grading said street. And for the defendant the court told the jury that they should deduct from this damage (if they found any) whatever special benefit, if any, may have accrued to plaintiff's lots by reason of said change of grade; further also advising the jury that by *special benefits* was meant those only which were peculiar to and especially inure to plaintiff's property. This was a correct declaration of the law as has been, by this and the supreme court, repeatedly declared. *Hickman v. Kansas City*, 120 Mo. 110, and cases cited.

MUNICIPAL corporations: grading street: damages: benefits.

While it is true that no witnesses gave any definite opinion as to whether there was any such special benefits accruing to plaintiff's property, yet the facts and surroundings were all minutely detailed, and the jury may have properly found that the lots were thus peculiarly and specially benefited by the change of grade. It is a mistake then to assert that there was no evidence upon which to base the theory of special benefits.

—: —: —: evidence.

With reference to the questions relating to the improper admission or rejection of certain evidence we

<div style="margin-left: 2em; font-size: smaller; float: left;">APPELLATE practice: evidence: photograph: nonprejudical error: fair trial.</div>

find on examination that if errors were committed by the trial judge, they were immaterial and clearly nonprejudicial. In our opinion the trial judge erred in ruling out the photograph of the particular locality which plaintiff offered. But such ruling was clearly harmless, since the jury was fully informed by the witnesses as to the nature and extent of the cut, the contour of the ground and all the circumstances. There was no dispute as to any of these matters, and therefore no chance for a mistake by the jury. And so unimportant are the exceptions taken as to testimony given by witnesses Trunk, Carpenter and others.

We think the plaintiff had a fair trial and must abide the result. Judgment · affirmed. All concur.